STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1365
consolidated with 10-1364

LAUREN LEE MOFFETT

VERSUS

SCOTT BRAME MOFFETT

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2005-1059
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

************

PHYLLIS M. KEATY
JUDGE

************

Court composed of Sylvia R. Cooks, John D. Saunders, Marc T. Amy, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**Gremillion, J. dissents in part. Having found no abuse of the trial court's discretion, he would affirm the trial court's ruling in its entirety.**

AFFIRMED IN PART; REVERSED IN PART;
AND AMENDED IN PART. SANCTIONS
FOR FRIVOLOUS APPEAL DENIED.

Evelyn M. Oubre
Attorney at Law
522 Clarence Street
Lake Charles, Louisiana 70601
(337) 436-0337
Counsel for Defendant/Appellant:
    Lauren Lee Moffett

**John Green**
**AAA Legal Services, Inc.**
**1135 Hodges Street**
**Lake Charles, Louisiana  70601**
**(337) 990-0060**
**Counsel for Plaintiff/Appellee:**
**Scott Brame Moffett**

**KEATY, Judge.**

For the reasons set forth in the companion case in this consolidated matter, *Scott Brame Moffett v. Lauren Lee Moffett*, 10-1364 (La.App. 3 Cir. ___/___/11), ____ So.3d ____, we find that the trial court did not commit manifest error when it found that Evelyn Oubre took the depositions of two police officers without providing notice to opposing counsel and that her behavior was sanctionable under La.Code Civ.P. art. 1420. We find no abuse of discretion in the sanctions imposed by the trial court insofar as costs, fees, and prohibition against using the depositions are concerned. We find that the trial court abused its discretion in imposing a sanction that prohibited Lauren Moffett from calling either officer as a witness at trial, and we reverse that portion of the judgment. We find that additional sanctions pursuant to La.Code Civ.P. art. 1420 for work done on appeal are appropriate, and we award Scott Moffett an additional $1,000 in attorney fees in the companion case only. Sanctions pursuant to La.Code Civ.P. art. 863 are inappropriate. We amend the judgment accordingly. Costs are cast to Evelyn Oubre.

**AFFIRMED IN PART; REVERSED IN PART; AND AMENDED IN PART. SANCTIONS FOR FRIVOLOUS APPEAL DENIED.**

1